IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHRISTOPHER J. EMMERICH**, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Case No. _____ |
| : | |
| **FIDELITY DIRECT MORTGAGE, LLC** : | : |
| : | |
| Serve:  Maria D'Souza-Datta : | |
|         13701 Lakeside Drive : | |
|         Clarksville, Maryland  21029 : | |
| : | |
| and : | |
| : | |
| **WAYNE ROCK VAUGHAN** : | |
| : | |
| Serve:  100 E. Oxford Ave : | |
|         Alexandria, Virginia  22301 : | |
| : | |
| And : | |
| : | |
| **LINDA L. VIOLANTE** : | |
| : | |
| Serve:  5701 Shady Side Road : | |
|         Churchton, Maryland 20733 : | |
| : | |
| Defendants. : | |

**COMPLAINT**

The Plaintiff, **CHRISTOPHER J. EMMERICH**, by counsel, and for his Complaint against the Defendants, alleges as follows:

**INTRODUCTION**

1. During a contentious divorce proceeding involving the Plaintiff and the Defendant Linda Violante's daughter, Ms. Violante contacted Defendant Wayne "Rock" Vaughan, who worked at Defendant Fidelity Direct Mortgage, LLC.  Ms. Violante requested that Mr. Vaughan

pull the Plaintiff's credit report and provide it to Ms. Violante for use in her daughter's divorce proceeding, which Mr. Vaughan did, acting as an agent of Fidelity Direct Mortgage, LLC, in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq*.

## PRELIMINARY STATEMENT

2. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought against the Defendants pursuant to 15 U.S.C. § 1681 of the Federal Fair Credit Reporting Act ("FCRA").

## JURISDICTION

3. The jurisdiction of this Court is conferred by the FCRA, 15 U.S.C. § 1681(p) and 28 U.S.C. §1331.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this judicial district.

## PARTIES

5. The Plaintiff, **CHRISTOPHER J. EMMERICH** ("Plaintiff" or "Mr. Emmerich"), is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

6. Plaintiff was an individual residing in Annapolis, Maryland when the harm arose.

7. Plaintiff now resides in Fort Meade, Maryland.

8. **FIDELITY DIRECT MORTGAGE, LLC** ("*Fidelity*"), is a Maryland limited liability company with its principal place of business in Gaithersburg, Maryland.

9. Based on information and belief, Defendant **WAYNE VAUGHN** aka **"ROCK" VAUGHAN** ("*Mr. Vaughan*") is an individual who currently resides in Alexandria, Virginia, who worked at Fidelity as a mortgage originator when the harm arose.

10. Based on information and belief, Defendant **LINDA L. VIOLANTE** ("*Ms. Violante*") is an individual residing in Maryland.

11. Fidelity, Mr. Vaughan, and Ms. Violante are each defined as a "person" as that term is used in the Fair Credit Reporting Act, 15 U.S.C. § 1681a(b).

**FACTS**

12. Beginning on or about January 12, 2017 until December 18, 2017, the Plaintiff was a named party in a divorce case in Prince George's County Circuit Court, Case Number CAD17-01117 ("Divorce Case").

13. The opposing party in the divorce was Christy Emmerich, daughter of Ms. Violante.

14. The Defendants, Ms. Violante and Mr. Vaughan, have a personal and business relationship spanning many years.

15. Ms. Violante, seeking information to assist her daughter in the divorce proceeding, requested the assistance of Mr. Vaughan, who was employed by Fidelity, and who, at the behest of Ms. Violante, accessed the Plaintiff's credit file from Credit Technologies, Inc. ("Credit Tech") on July 24, 2017.

16. Fidelity gave Mr. Vaughan actual and/or apparent authority to act on its behalf to obtain the credit files of consumers on its behalf.

17. Credit Tech is a "consumer reporting agency" as that term is defined in 15 U.S.C. § 1681a(f).

18. In connection therewith, Credit Tech regularly engages in, for monetary fees, assembling information on consumers for the purposing of furnishing consumer reports to third parties. Upon the request of its subscribers, Credit Tech obtains the credit files of individual

consumers from Experian Information Solutions, Inc.("Experian"), ("Equifax") and ("Transunion")(collectively refereed to as "The Big Three")

19. On information and belief, Mr. Vaughan and Fidelity are subscriber's and users of reports from Credit Tech.

20. On July 24, 2017, Ms. Violante, Mr. Vaughan, and Fidelity accessed the Plaintiff's credit file from Credit Tech, doing what is colloquially known as a "hard pull," or viewing the Plaintiff's entire credit history from each of The Big Three.

21. In connection therewith, Ms. Violante, Mr. Vaughan, and Fidelity made a general or specific certification to Credit Tech that they sought the information because they had a legitimate business need of the information in connection with a business transaction initiated by the Plaintiff or to review an account to determine whether the Plaintiff continued to meet the terms of said account

22. Ms. Violante, Mr. Vaughan and Fidelity, having impermissibly obtained the Plaintiff's credit file, at the request of Ms. Violante, used the information to assist Ms. Violante's daughter in the divorce proceeding against the Plaintiff.

23. At all relevant times, Mr. Vaughan was employed by, or an agent of, Fidelity and performing services for which he had been engaged.

24. Upon being made aware that his credit file was impermissibly accessed, the Plaintiff contacted Fidelity and complained that his credit was accessed without his permission.

25. Upon information and belief, management of Fidelity contacted Mr. Vaughan to determine the basis for the "credit pull".

26. Mr. Vaughan then contacted Ms. Violante, who then prepared and forwarded a fraudulent rental application purportedly giving permission for impermissible access the Plaintiff's credit file. This application was forwarded to Mr. Vaughan on August 7, 2017.

27. This application contains a signature that Ms. Violante claims is the Plaintiff's but which is actually a forgery.

28. Upon information and belief, this forgery was done by Ms. Violante in an attempt to legitimize the impermissible accessing of the Plaintiff's credit file.

29. On August 3, 2017, after being contacted multiple times by the Plaintiff, Fidelity confirmed via letter that the Plaintiff did not initiate any business transaction with it nor did the Plaintiff have any form of business with it.

**COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**(*Fidelity, Mr. Vaughan, and Ms. Violante*)**

30. Plaintiff re-alleges and incorporates all other factual allegations set forth in the Complaint (particularly, though not limited to, as pled in the "Fact" section of the Complaint).

31. Defendants, Fidelity, Mr. Vaughan, and Ms. Violante, are each defined as a "person" as that term is defined in 15 U.S.C. 1681a(b).

32. The FCRA establishes very specific rules placing limitations upon a "person" seeking to obtain a consumer's credit history or the content of a consumer's credit file, as follows:

> (f) Certain use or obtaining of information prohibited. – A person shall not use or obtain a consumer report for any purpose unless –
>
> > (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> >
> > (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

> *See* 15 U.S.C. 1681b(f)

33. Section 1681b(a)(3) of the FCRA lists the all-inclusive purposes for which a consumer report can be obtained, as follows:

> (a) In General.- . . . [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> * * *
>
> (3) To a person which it has reason to believe—
>
> > (A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>
> * * *
>
> > (F) otherwise has a legitimate business need for the information—(i) in connection with a business transaction that is initiate by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account.

34. The Defendants had actual knowledge that they had no permissible purpose to obtain Plaintiff's credit information from Credit Tech.

35. For Defendants to access the consumer credit history of a consumer whom is known by it not to have an account with the Defendant, Fidelity, nor seeking an account with it, and without the permission of the consumer, constitutes willful non-compliance with the FCRA.

36. As a direct and proximate result of the Defendants willful conduct as outlined above, Plaintiff is entitled to $100-$1,000.00 in statutory damages, plus punitive damages and reasonable attorney's fees together with the costs of this action as provided by 15 U.S.C. § 1681n.

37. Alternatively, the impermissible access of Plaintiff's credit information constitutes a negligent violation as set forth in 15 U.S.C. § 1681o. In this regard, Plaintiff is entitled to recover

his actual damages in an amount to be proven at trial, plus attorney's fees together with the costs of this action.

## JURY DEMAND

38. Plaintiff hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that this Court enter Judgment in his favor against the Defendants for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Attorney's fees and costs;

e. Interest on the judgment rendered herein at the maximum lawful rate from the date of its rendition until paid in full; and

f. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,
**CHRISTOPHER J. EMMERICH**

By:_____/s/_____
                Counsel

Nathan D. Baney, Esq. VSB #75935
Baneylaw, P.C.
1997 Annapolis Exchange Parkway
Suite 300
Annapolis, Maryland  21401
Telephone: 571-303-9102
Facsimile: 240-556-0304
Email: nathan@baneylaw.com
*Counsel for Plaintiff*